**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT D. MCCULLOUGH, ) | No. C 07-1063 MMC (PR) |
| Petitioner, ) | **ORDER DIRECTING PETITIONER TO NOTIFY COURT AS TO WHICH CLAIMS HAVE BEEN EXHAUSTED** |
| v. ) | |
| JAMES YATES, Warden, ) | (Docket No. 10) |
| Respondent. ) | |
| _____ ) | |

  On February 21, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On May 29, 2007, petitioner's motion to withdraw his petition for purposes of filing an amended petition was granted; petitioner was ordered to file an amended petition within thirty days and informed that his failure to do so would result in dismissal of the case.

  On June 25, 2007, petitioner filed a document titled "Clarification of Amendment of Petition," in which petitioner states he does not wish to file an amended petition in this court, but rather "to voluntarily remove temporarily his petition from this federal court's jurisdiction" to "ensure that he has exhausted his state remedies."  (See Petition at 1-2.)  The Court construes petitioner's request as a request to stay the petition while he exhausts his claims in the state court.

  The United States Supreme Court has held that district courts may stay mixed habeas petitions to afford the petitioner an opportunity to exhaust in state court.  See Rhines v.

Webber, 544 U.S. 269, 277-78 (2005).  A district court does not have discretion to stay a petition containing only unexhausted claims, however.  See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  In the instant case, the Court cannot discern from the papers filed whether petitioner has exhausted any of the claims in his petition by fairly presenting them to the California Supreme Court as required by 28 U.S.C. § 2254(b),(c).  Consequently, the Court is unable to determine from the record before it whether the instant petition may be stayed pending exhaustion.

Accordingly, within **30 days** of the date this order is filed, petitioner shall notify the Court as to which claims in the instant petition, if any, have been properly exhausted under 28 U.S.C. § 2254(b),(c).  If petitioner fails to so notify the Court within such time, or if he indicates that none of the claims in the instant petition have been exhausted, the instant action will be dismissed without prejudice to petitioner's filing a new habeas case at a later time in this court.  If petitioner timely notifies the Court that at least one of the claims alleged in the instant petition has been exhausted, the Court will stay the instant action to allow petitioner to exhaust in the state courts any unexhausted claims he wishes to raise herein.[1]

This order terminates Docket No. 10.

IT IS SO ORDERED.

DATED: June 29, 2007

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] Pursuant to such a stay, petitioner would have the opportunity, after he exhausts his claims in the state courts, to file an amended petition raising all of the claims he has properly exhausted.

2