United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DWIGHT D. MCCULLOUGH, )   No. C 07-1063 MMC (PR)
　　　　　　　　　　　　　　　　)
　　　　　　Petitioner,　　　　　)   **ORDER OF DISMISSAL**
　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
JAMES YATES, Warden,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Respondent.　　　　　)
_____ )

    On February 21, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On May 29, 2007, petitioner's motion to withdraw his petition for purposes of filing an amended petition was granted; petitioner was ordered to file an amended petition within thirty days and informed that his failure to do so would result in dismissal of the case.

    On June 25, 2007, petitioner responded to the Court's order.  In his response, he stated he did not wish to file an amended petition in this court, but rather "to voluntarily remove temporarily his petition from this federal court's jurisdiction" to "ensure that he has exhausted his state remedies."  (Docket No. 10 at 1-2.)

    On June 29, 2007, the Court construed petitioner's statements as a request to stay the petition while he exhausted his claims in state court.  The Court explained to petitioner that a district court does not have discretion to stay a petition containing only unexhausted claims.  See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  The Court found that the

papers filed by petitioner in the instant action did not indicate whether any of the claims in the petition were exhausted. As a result, the Court could not determine whether the petition could be stayed. Accordingly, the Court directed petitioner to identify for the Court which claims in the petition, if any, had been properly exhausted under 28 U.S.C. § 2254(b),(c). The Court explained to petitioner that if he informed the Court that none of the claims in the petition had been exhausted, the Court would dismiss the instant action without prejudice to petitioner's filing a new habeas case in federal court at a later time. The Court also explained to petitioner that if he informed the Court that at least one of the claims in the petition had been exhausted, the Court would stay the instant action to allow petitioner to exhaust in the state courts any unexhausted claims he wishes to raise herein.

On July 16, 2007, petitioner responded to the Court's order. In his response he states, "[I] can not definitely state that all matters before you have been exhausted." (Docket No. 12 at 1.) Petitioner further states he will resubmit his claims to the state courts in order to satisfy the exhaustion requirement, (id. at 2), and, consequently, that he chooses to have his petition dismissed without prejudice to his filing a new petition at a later time in this court. (Id.)

Accordingly, the instant action is hereby DISMISSED without prejudice.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: October 11, 2007

_____
MAXINE M. CHESNEY
United States District Judge